[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter first came to this court by writ, summons and complaint dated March 30, 1992 and returnable April 28, 1992 as of record more fully appears. CT Page 5724
The complaint in one count claimed money damages due the plaintiff for services provided to the decedent Evelyn Goldstein.
Proper service was made on the fiduciary of the estate. The fiduciary appeared by counsel on April 30, 1992. An answer to the complaint was filed by the fiduciary on April 30, 1992. The case was claimed for the trial list on May 1, 1992.
The case came on for hearing to the court on May 4, 1994 when the plaintiff and the defendant fiduciary appeared with their respective counsel.
The court, having heard the evidence, makes the following findings of fact.
The plaintiff, Max Zelinsky, was first contacted by the decedent Evelyn Goldstein, relative to the plaintiff providing transportation to the defendant's late husband for, hospital visits in 1980-1981, which was done on a daily basis Mr. Goldstein passed away on July 1, 1985.
The plaintiff provided services to the late Evelyn Goldstein for at least the four years prior to Evelyn Goldstein's death, such as transportation, aid for shopping at Shop-Rite, visits to various malls, restaurants and general errands, including the mall in New London on as frequent a basis as seven days a week.
On numerous and divers occasions, during the period 1985 to 1989, the decedent Evelyn Goldstein told the plaintiff that the plaintiff was mentioned in her will and would be taken care of for his services. These would be occasions when the plaintiff was chauffeuring the decedent Evelyn Goldstein to various restaurants or events.
On one or more occasions, the decedent Evelyn Goldstein told the plaintiff that he was to be the fiduciary of her estate. The plaintiff never asked to see a copy of any will nor was any copy ever shown to him.
Some considerable time after Mr. Goldstein's death, the decedent Evelyn Goldstein told the plaintiff that he had now been taken out of the will. The fiduciary of the estate of Evelyn Goldstein, Gloria Dugan, was married to a son of the late Evelyn Goldstein. CT Page 5725
Some time after Mr. Goldstein's death in July 1985, the title to the Goldstein residence was conveyed to Gloria Dugan. The residence was a two-family structure known as 44 Oneco Street, Norwich.
After the sale and conveyance of the Oneco Street residence, Evelyn Goldstein lived on the second floor and Gloria Dugan resided on the first floor of said residence.
The plaintiff never had any discussions or contacts with Gloria Dugan while providing services to Evelyn Goldstein. Evelyn Goldstein would often make arrangements with plaintiff to pick her up at locations near but not at the Oneco Street address, such as the cemetery or undertaker's parlor which were near her home. This arrangement existed because Evelyn Goldstein did not want her daughter-in-law, Gloria Dugan, to be aware of the services being provided by the plaintiff.
The fiduciary Gloria Dugan was an employee of Electric Boat during the period 1985 to 1990, first shift. On occasion, the late Evelyn Goldstein would express regret to the plaintiff in taking him out of her will but would say to the plaintiff, "Don't worry, you will be taken care of".
The late Evelyn Goldstein was afflicted with a physical condition which on one occasion required the interior of plaintiff's car to be completely sanitized and cleaned and precipitated the vehicle's trade in.
On many and divers occasions, the plaintiff, while providing transportation to Evelyn Goldstein, would patiently remain in the vehicle for hours while the decedent would be in various restaurants dining or engaged in other pursuits.
On numerous occasions, the plaintiff would leave his own spouse who was ill to accommodate the decedent.
Plaintiff provided his motor vehicle at all times. No other vehicle was ever used.
The plaintiff is 79 years old and now retired. In his working years, plaintiff was a kosher butcher, a clerk and worked at a plastic concern for 16 years. The plaintiff has a slight hearing impairment observed by the court and wears a hearing aid. CT Page 5726
The plaintiff would keep track of the hours he put in for Evelyn Goldstein on various odd pieces of paper which were later transposed to form Plaintiff's Exhibit 1.
Plaintiff never received any money for gasoline over the years, the response always being that "he would be taken care of".
The plaintiff made a claim against the estate of Evelyn Goldstein, claiming the sum of $15,000 for services, which claim was denied by the fiduciary of the estate by notice dated December 9, 1991. See Plaintiff's Exhibit 2.
On at least one occasion, the late Evelyn Goldstein did mention and acknowledge the services of the plaintiff to Gloria Dugan, the fiduciary.
The late Evelyn Goldstein's golden years were very active, she was always "out and about" or attending some function and the plaintiff provided the transportation at her request.
The court has carefully weighed the issues as to credibility. The plaintiff Max Zelinsky, while admittedly a friend of the Goldsteins at age 79 appears candid, open and direct in his testimony. There was no relationship between the plaintiff and the fiduciary inasmuch as there was no contact.
The relationship between the plaintiff and the Goldsteins was one of long standing.
The court is satisfied that the plaintiff did perform services and transportation to Evelyn Goldstein often under circumstances where many would not have done so, such as intervals when Mrs. Zelinsky was ill.
At trial, the plaintiff limited his claim to the last four years of Evelyn Goldstein's life even though Plaintiff's Exhibit 1 goes back to 1980.
The court finds that while there was a special bond between the plaintiff and the Goldsteins, the plaintiff nevertheless expected compensation.
The court finds that there was an agreement that the plaintiff should be compensated although admittedly the amount CT Page 5727 during Evelyn Goldstein's lifetime was undetermined.
Friendship and kindness were not the sole motivating factors prompting plaintiff's conduct. There was a meeting of the minds that there be compensation, only the amount thereof was undetermined.
The identities of the parties were certain. The manifestation of assent maybe made wholly or partly by written or spoken words or by other acts or by failure to act. The plaintiff, up until the time of the death of Evelyn Goldstein, fully performed his part of the agreement.
And from Ubysz v. DiPietro, 185 Conn. 47, at page 57, "In most civil actions the plaintiff must prove his case by a fair preponderance of evidence. There is a limited range of claims and contentions which the party is required to establish by a more exacting measure of persuasion. In Connecticut, in order to recover on a claim arising out of alleged services rendered to a decedent, the plaintiff must prove his case by "clear and satisfactory proof". The court finds that the testimony of the plaintiff is sufficiently specific as to the nature and scope of the services rendered while the defendant's position is one of a claim of merely not having seen the services performed. Mindful of defendant's all-day employment at Electric Boat, this would explain at least in part the reason for the discrepancy.
In reviewing Plaintiff's Exhibit 1, the court notes a relative consistency in the number of hours claimed by plaintiff.
In 1986, hours claimed: 934
In 1987, hours claimed: 945
In 1988, hours claimed: 920
In 1989, hours claimed: 986
The consistency of the time provided to Evelyn Goldstein appears in conformity with plaintiff's testimony of oftentimes providing transportation on the basis of seven days a week and the "out and about" lifestyle of Evelyn Goldstein.
The court finds the claimed rate of $4 per hour to be wear and tear on the modest having in mind the cost of gasoline, CT Page 5728 vehicle and something for the plaintiff's time.
The court finds that the plaintiff rendered services to the decedent Evelyn Goldstein in calendar years 1986, 1987, 1988 and 1989 for a total of 3,785 hours at a claimed rate of $4 per hour. See Plaintiff's Exhibit 1. This computes to $15,140, which is slightly more than plaintiff's claim to the probate court.
The defendant's position, through her testimony and that of her son, William Dugan, is to the effect that the defendant fiduciary never saw the plaintiff provide the claimed services and that many acts of transportation were provided by her or by public transportation. The court is not persuaded. The court recognizes the extremely heavy burden it bears in making the judgment call in matters of this nature.
The plaintiff has met the required standard. Judgment may enter in favor of the plaintiff Max Zelinsky in the amount of $15,000.
Austin, J.